C. C. FLANIGAN, et al. v. ROBERT S. LANDMON, et al.

Western Section. June 22, 1928.

No petition for Certiorari was filed.

362

Phelan & Barry and Wm. G. Hall, of Mem'phis, for appellant.
E. B. Williams, Jr., of Memphis, for appellee.

SENTER, J.   The original bill was filed in this cause by C. C. Flanigan and wife, Lucille Martinelli Flanigan, and Louis Martinelli, a minor, who sues by his next friend, Lucille Martinelli Flanigan, against Robert Landmon, Sr., Mrs. Stella Landman, and United States Fidelity & Guaranty Co., for the purpose of enforcing an accounting and final settlement against defendant R. S. Landmon, as administrator of the estate of Louis Martinelli, Sr., deceased, and Mrs. Stella Landmon, as guardian of Lucille Martinelli Flanigan and Louis Martinelli, children and only heirs at law of Louis Martinelli, Sr., deceased, who died on the 5th day of February, 1923.

The bill alleges that defendant R. S. Landmon, was appointed administrator of said estate on February 8, 1923, and that defendant, Stella Landmon, was appointed guardian of complainants, Lucille Martinelli, who has since intermarried with complainant C. C. Flanigan, and Louis Martinelli, Jr.; that in the respective petitions filed by the defendants in the probate court of Shelby county, for appointment as administrator and guardian, respectively, they

allege that Louis Martinelli died intestate, a resident of Memphis, Shelby county, Tennessee, leaving a personal estate of the estimated value of $10,000, and left as survivors and sole heirs at law Louis Martinelli, thirteen years of age, and Lucille Martinelli, seventeen years of age.

It is alleged that the defendants as said administrator and guardian, respectively, took charge and control of the entire estate of said Louis Martinelli, Sr., deceased, and that no inventory, reports, or accounting of any character, have been filed in the probate court, and no settlement made with the wards, and prayed for an accounting, and a reference to the Master for the purpose of taking and stating an account with said administrator and guardian.

Both defendants answered the bill, and admitted the filing of petitions in the probate court, and their qualification as administrator and guardian, and admitted that they did take possession of all the property of said Louis Martinelli, Sr., deceased, but deny that they have failed to render a proper accounting, claiming that a correct inventory of all assets was filed and a settlement made with the probate court, and that defendant, Stella Landmon, had delivered to complainant, Lucille Martinelli Flanigan, all property to which she is entitled. The defendants deny that said Lucille Martinelli Flanigan was a legitimate child, and allege that she was not born in lawful wedlock, and deny that she is an heir at law of said Louis Martinelli, deceased.

On June 29, 1927, the Chancellor heard the cause, and decreed that Louis Martinelli died intestate on February 5, 1923, leaving as sole heirs at law Louis Martinelli, age thirteen, and Lucille Martinelli, age seventeen; that the deceased left an estate, of which R. S. Landmon was appointed administrator, and Stella Landmon, guardian, by the probate court of Shelby county. The Chancellor further decreed as follows: "And as the record is vague and indefinite as to just what assets came into the hands of the said administrator, and guardian, this cause should be referred to the Clerk and Master to take and state an account with the said administrator and guardian, and report just what assets and property came into the hands of the said administrator and guardian, and what disposition has been made of same. All other items are reserved until the coming of the Master's report."

There is contained in the record an opinion by the Chancellor filed June 27, 1927, and also a finding of the facts. The facts as found by the Chancellor, and in which we concur, are as follows:

"First: Louis Martinelli, Sr., died intestate on February 5, 1923, leaving as his sole heirs at law, Louis Martinelli, Jr., age thirteen, and Lucille Martinelli, aged seventeen; the latter

having now reached her majority, and being the wife of Clyde C. Flanigan.

"Second: On February 8, 1923, Robert Landmon, Sr., filed a petition in the probate court of Shelby county, Tennessee, requesting that he be appointed administrator of the estate of Louis Martinelli, Sr., stating in said petition that the said Louis Martinelli, Jr., and Lucille Martinelli, were the sole heirs at law of the said Louis Martinelli, Sr., and that the estate was of the estimated value of $10,000; the said Robert Landmon, Sr., being appointed said administrator, giving bond and taking the required oath.

"Third: On June 24, 1923, Stella Landmon, wife of the said Robert Landmon, and a sister of the deceased, petitioned the probate court for the appointment of herself as guardian for the said minor children, and was appointed guardian and qualified as such.

"Fourth: U. S. Fidelity & Guaranty Co. became surety upon both the administrator's and the guardian's bonds.

"Fifth: No inventory has been filed, but the probate court docket states that a final settlement was filed by Robert Landmon, as administrator of the estate of Louis Martinelli, on August 24, 1923, but the proof shows that it was withdrawn or misplaced before recorded and cannot now be located.

"Sixth: Lucille Martinelli executed a receipt of date March 28, 1925, witnessed by T. H. Phelan, Jr., in which she acknowledges receipt of $4010, of which $3510 was cash, and the balance evidenced by one Liberty Bond for $500; in which receipt she released the said guardian from any and all further claims as such guardian, and also released Robert Landmon from any and all liability as administrator of the estate of Louis Martinelli, deceased.

"At the time of the execution of this receipt the said Lucille Martinelli was only nineteen years of age, prior to which time a petition had been presented to Chancellor Peres, at Chambers, for the removal of her disability and an order to this effect had been marked "Enter, Peres," but there is no record in the office of the chancery court clerk of the petition having been filed or the order having been entered, and the order itself is not now exhibited.

"There is no evidence of any fraud in connection with the said receipt."

Upon the facts as above set forth the decree above referred to of June 29, 1927, was entered.

In pursuance of the order of reference as provided in the decree of June 29, 1927, the Clerk and Master filed his report, after taking proof, and in which is contained the items which went into the hands of the administrator, aggregating the total amount of $13,167.50. The report further shows that the total amount of credits claimed by the administrator, and setting out the items, totalled the sum of $3811.01, and of which amount items aggregating the sum of $2725.81 were disallowed by the Master, leaving $1,085.20 credits allowed by the Master, and which left a total balance due by the administrator, the sum of $12,082.30. The Master further reported that of the above amount there was due to Mrs. Lucille Flanigan the sum of $6041.15, and against which he allowed a credit for board and clothing for two years at $45 per month, the sum of $1080, leaving a balance due Mrs. Flanigan of $4961.15, with interest thereon from February 8, 1925, to September 14, 1927, $1267.25, making the total amount due to Mrs. Flanigan on September 14, 1927, the sum of $6,328.40.

The Master also denied compensation to the administrator because of his failure to file inventory, settlements and reports as required by law. The Master also disallowed the claim of the administrator for $600 for running the store for six months, because the administrator accounts for no money taken in by him while running said store.

Exceptions to certain items and findings of the Master as set forth in his report were filed by the defendants, and the exceptions were overruled by the Master, except as to Item 2, which fixed the value of a watch at $20 and a diamond stud at $1000 and a diamond ring at $1000, and sustained the exceptions provided the watch and diamonds referred to should be turned over to the Clerk and Master, otherwise the exception to that item is overruled. The complainants also filed exceptions to the report of the Master as to certain items set out in the exceptions, which exceptions were overruled by the Master and an appeal was prayed and granted to the Chancellor.

The Chancellor sustained the exceptions by complainant as to all items except an item for $30 representing a doctors bill for Louis Martinelli, and an item of $45 for X-ray treatment for Louis Martinelli. All other exceptions to the Master's report were overruled by the Chancellor.

On March 15, 1928, one Lizzie Martinelli, as the next friend of Louis Martinelli, a minor, filed a petition in the cause, and in which Louis Martinelli, the minor son of Louis Martinelli, deceased, joined, in which it was alleged that Louis Martinelli, the minor, had at no time authorized the complainants or anyone

else to make him a party complainant to the original bill filed in the cause, and that he did not authorize Lucille Martinelli Flanigan, to join him in said bill as his next friend. This petition charges that petitioner had been informed and believed that said Lucille Martinelli Flanigan was born prior to the date of the marriage of her father, Louis Martinelli, and her mother, Ruby Ralkington; and that said Lucille Martinelli Flanigan is not entitled to share in the estate of said Louis Martinelli, deceased, and that Louis Martinelli, Jr., is the only heir at law of the said deceased, and therefore the only party entitled to claim the proceeds of the estate of his deceased father. The petitioner further charged that the interest of Louis Martinelli, Jr., had in no manner been represented. The petition, which purports to be filed by Louis Martinelli, Jr., by his said next friend, Lizzie Martinelli, further avers that he does not believe that there has been a satisfactory showing of the charges and credits, and that the amount due by the administrator had not been correctly determined, and that he did not believe that the administrator had been allowed all the credits that he is entitled to, and that he did not want a decree for more than the administrator is justly liable for, and further states that he believes that justice to the administrator, as well as himself, demands that this entire matter be reopened, and all parties be allowed to introduce further proof as to their respective rights and interests.

The Chancellor, in a memorandum opinion filed in the record, in disposing of the petition, held as follows:

"The petition of Louis Martinelli by next friend, Lizzie Martinelli, to remand this cause to the Master for further proof is denied.

"1. No leave was granted to file the petition.

"2. It does not sufficiently appear that the petitioners' interest in the litigation had been neglected.

"3. Petitioner is yet a minor and incapable of determining for himself whether his interests have been properly represented; it appears from the petition that the next friend, Lizzie Martinelli, is claiming an adverse interest in the estate; and it also appears from the petition that the petitioners filed, at least to some extent, in the interest of the defendant, R. S. Landmon.

"4. The legitimacy of Lucille has already been adjudicated by the decree entered June 27, 1927, M. B. 182, p. 103, and I will not now reopen question.

"5. The Master's report shows sufficiently the share of the petitioner Louis Martinelli in the estate—it shows the assets

of the estate to be $13,167.50, less credits allowed $1083.20, leaving a net estate of $12,084.30. Louis Martinelli's one-half of this is $6,042.15, with interest from February 8, 1923. In making up this amount the administrator may turn over to him the Illinois watch at a valuation of $20 and the two diamonds at a valuation of $1000 each. The petition will be denied, and a decree entered confirming the Master's report heretofore filed.''

There follows the final decree of the Chancellor, and in which it appears that Louis Martinelli, by Lizzie Martinelli, as next friend, excepts and prays an appeal to the next term of the Court of Appeals from the action of the court in denying said petition and in refusing to remand the cause for further proof. This appeal was granted upon complainant's giving bond as required by law.

The decree then recites that the administrator will be allowed credit for the bill paid to Dr. Jno. M. Murray for professional services rendered to Louis Martinelli, deceased, in the sum of $30, and the bill paid Dr. H. P. Conley for X-ray treatment of Louis Martinelli, deceased, in the sum of $45, and that in all other respects the report of the Master is confirmed.

The decree further recites as follows:

''It is therefore ordered, adjudged and decreed by the court that complainant, Lucille Martinelli Flanigan, have and recover from the defendants R. S. Landmon, as the administrator of the estate of Louis Martinelli, deceased, Mrs. Stella Landmon, guardian, and the U. S. Fidelity & Guaranty Co., as surety on the bonds of the said administrator and guardian, the sum of four thousand nine hundred twenty-three and 65/100 dollars ($4,923.65); the said four thousand nine hundred twenty-three and 65/100 dollars ($4,923.65) bearing interest at the rate of six per cent per annum from February 8, 1923, to the date of payment under this decree into the office of the Clerk and Master of the amount then due. And the complainant, Louis Martinelli, Jr., a minor, have and recover from the said defendants, R. S. Landmon, administrator, Mrs. Stella Landmon, guardian, and the U. S. Fidelity & Guaranty Co., as surety, the sum of six thousand three hundred sixty-five dollars ($6,365) bearing interest at the rate of six per cent per annum from February 8, 1923, to the date of payment under this decree into the office of the Clerk and Master of the amount then due, said amount to be retained by the Clerk and Master for further and proper distribution.

''In making up this amount due said Louis Martinelli, Jr., the administrator may turn over to him the Illinois watch at

a valuation of $20 and the diamond ring and diamond stud at a valuation of $1000 each.

"It is further ordered, adjudged and decreed by the court that the said administrator, R. S. Landmon, is not entitled to any compensation for his services as such administrator. Costs of the case will be adjudged against the defendants."

From this decree the defendant prayed an appeal to this court, which appeal was granted, but the defendants did not perfect the appeal.

The cause is now before this court on the petition of Lizzie Martinelli, as next friend of Louis Martinelli, Jr., for a writ of error and supersedeas, which petition for said writ was granted. Also upon the petition of the defendant United States Fidelity & Guaranty Co. for a writ of error and supersedeas, which writs were likewise granted. Both petitioners have filed assignments of error. We will first take up and dispose of the assignments of error of Louis Martinelli, Jr., by next friend, Lizzie Martinelli, by which it is said: First, that there is no proof in the record that Lucille Martinelli Flanigan was the legitimate child of Louis Martinelli, deceased, and that the court erred in permitting Lucille Martinelli Flanigan to share in the estate of Louis Martinelli, deceased.

We will dispose of this assignment of error by saying that there is no evidence in the record that Lucille Martinelli Flanigan was not born in lawful wedlock, or that she is not the legitimate daughter of Louis Martinelli, deceased. She was known as the daughter of Louis Martinelli, and until her mother's death lived with her father and mother. After her mother's death her father placed her with his sister, who was living in the house with the mother of Louis Martinelli, and paid her board for the time she was there at the rate of $45 per month. After her father's death she continued to live in the home of the defendants, R. S. Landmon, and Stella Landmon. R. S. Landmon and Stella Landmon, in their respective petitions filed in the probate court to be appointed administrator and guardian respectively, and which petitions were sworn to, stated that Lucille Martinelli and Louis Martinelli, Jr. were the heirs at law of Louis Martinelli, deceased. It is contended by this appellant that Lucille testified that according to the best of her information and belief she was born two years prior to the date of the marriage of her parents. We have not been cited to the page of the record or to the question and answer thereto showing such an admission. However, we have examined her evidence and find that on cross-examination she stated that since this bill had been filed she had heard of some such idle rumor, but had never before heard her legitimacy questioned by anybody. The baptismal certificate states her age at the time of her baptism,

and from which it appears that she was born after her parents were married. Where a person seeks to prove his or her legitimacy, the burden of proof is upon her, but in the present case there is but an allegation contained in the answer charging that she was not born in lawful wedlock. If this allegation had been true, or susceptible of any proof, certainly the defendants could have shown it by someone of the numerous brothers and sisters of the deceased Louis Martinelli, who are shown to be still living. Not a word of proof is offered by the defendants in support of the allegation contained in the answer on the subject. The proof, however, greatly preponderates in favor of the legitimacy of this daughter of Louis Martinelli. It is regretable indeed, that the defendants and Lizzie Martinelli induced this young brother to file or to attempt to file the petition charging that his sister was not born in lawful wedlock. It is evident from the petition that it was resorted to in an effort by the defendants R. S. Landmon and wife, Stella Landmon, to get further opportunity to offer some additional proof with reference to the credits claimed and which had been disallowed by the Clerk and Master and by the Chancellor. This assignment of error is overruled.

The second assignment contends that the Chancellor erred in holding that it was necessary for Louis Martinelli to secure the leave of the court to file said petition to remand the cause to the Clerk and Master for further proof. The third assignment states that the Chancellor erred in holding that the interest of Louis Martinelli, a minor, had been protected in this proceeding. The fourth assignment of error insists that the court erred in assuming that the petition of Louis Martinelli to remand the cause to the Clerk and Master for further proof was filed to any extent in behalf of the interest of the defendant R. S. Landmon. These assignments of error are overruled and disallowed. It was clearly proper for the petitioner to first procure the consent or leave of the court to file the petition. It was not offered as an original bill. It is also true that the interest of Louis Martinelli had been fully protected in the suit, and it is clear from the petition that this minor had been induced to file the petition, and thereby concede that the amount decreed in his favor and against his uncle and aunt, the defendants, with whom he lived, was excessive. Certainly this boy could not have known anything at all about the fairness of any of the credits claimed by the defendants, and denied by the Clerk and Master and by the Chancellor. The court, in denying the petition, was clearly actuated by a desire to protect this minor, and properly denied the petition.

The sixth and last assignment of error is directed to that part of the decree which authorized the administrator to deliver the watch and the two diamonds in question at the valuation placed thereon, to Louis Martinelli, and take credit for the value of the same in settling the adjudged liability of defendants to this minor. There is evidence in the record to the effect that the deceased father of the minor had expressed the desire that this son receive his watch and two diamonds. However, the decree does not give to this minor the right to exercise an option to receive the watch and the diamonds at the valuation stated as part settlement of his share in the estate. We are of the opinion that the Chancellor should have made it optional with the minor as to whether he would accept the watch and diamonds at the valuation placed thereon as part payment on the amount of the adjudged liability in his favor.

This disposes of the assignments of error filed by these appellants. It remains to consider the assignments of error filed by U. S. Fidelity & Guaranty Co. These assignments of error are numerous. The first two are directed toward the action of the Chancellor in refusing to allow the administrator credit for the funeral bill of Lee Martinelli, the alleged dependent brother of Louis Martinelli; and in refusing to allow the administrator credit for the payment of the funeral expenses of Ruby Martinelli, who was the wife of Louis Martinelli. These assignments of error are overruled because they are not debts properly chargeable against the estate of the deceased, Louis Martinelli. The third and fourth assignments are on the subject of the legitimacy of Lucille Martinelli Flanigan. These assignments of error have already been discussed in disposing of the assignments of error by the other appellant, and are accordingly overruled. The fifth assignment goes to the action of the court in decreeing judgments for the full amount of the face value of the assets, a part of which were stocks and articles which had not been converted into cash, and not convertible into cash.

This assignment of error must be overruled because it appears that these assets went into the hands of the administrator, and had not been accounted for, and were not accounted for when the account was taken and stated by the Clerk and Master under the order of reference. Landmon, the administrator, listed these assets in the alleged inventory which he claimed to have filed in the probate court, and a copy of which he claimed to have kept, and the valuation as placed by him was accepted by the Clerk and Master, and was confirmed by the Chancellor. In this situation, we find no error in the decree of the Chancellor on this subject.

The sixth assignment of error complains of the decree of the Chancellor decreeing interest at the rate of six per cent per annum

from February 8, 1923, or from any other date. In this connection it is claimed that neither the administrator nor the estate earned any interest, nor could interest have been earned by the bulk of the estate. There is no reason why the administrator could not have made a prompt settlement of this estate. The record discloses that he did not file an inventory of the estate as required by law, nor did he make the reports and settlements as required by law. He was in possession of these assets, and never made any accounting for the same until he was required to do so by the decree of the Chancellor in making the order of reference to the Master. Under the facts and circumstances as disclosed by the record, and as found by the Chancellor, we are of the opinion that the Chancellor correctly held that interest should be paid from the date stated in the decree. This assignment of error is accordingly overruled.

The seventh, eighth and ninth assignments of error are directed to the decree of the Chancellor in the matter of the form of the judgments decreed in favor of the complainants, and especially the failure of the decree and the report of the Clerk and Master to designate the amount of liability separately under the respective bonds of the administrator and the guardian. This question becomes immaterial since the appellant was surety on both bonds, and was liable under the respective bonds for the respective judgments. If separate judgments had been rendered on the separate bonds, so far as this appellant is concerned, the liability would have been the same in the aggregate, no more and no less. These assignments of error are likewise overruled.

The tenth and eleventh assignments of error and the questions made by these assignments have been disposed of adversely to the contention of appellant under the fifth assignment of error.

The twelfth and thirteenth assignments present the question that the Chancellor erred in not allowing a reasonable amount for the upkeep, clothing and maintenance of Louis Martinelli; and that the court erred in sustaining the report of the Clerk and Master when no charges were made against the proportionate share of Louis Martinelli, or mention made in the report of the Clerk and Master with reference to the upkeep, clothing and maintenance of this minor.

The exceptions to the Master's report filed by the defendants, makes no mention of the failure of the Master to allow any credit for the maintenance of this minor. There is no claim made for the credit referred to for the maintenance of this minor, and no exceptions to the Master's report covering such claim. There is no proof in the record on that question. So far as the record discloses this matter is presented for the first time under these assignments of error. Not having been made before the Clerk and Master, or

before the Chancellor, it will not be entertained here for the first time, and these assignments are accordingly overruled.

We do not find any merit in assignments fourteen, fifteen and sixteen. The fourteenth assignment has been disposed of under other assignments. There was no error in the action of the court in refusing to allow a fee to R. S. Landmon as administrator of this estate. His conduct and manner of handling the estate, and his failure to make reports and to render an accounting would not entitle him to compensation as administrator. This is likewise true of his claim for compensation for services as manager of the store for a period of six months. He never made any report of sales or disbursements from the store, or of the sale of the stock of merchandise.

It results that all of the assignments of error by this appellant are overruled and disallowed.

Referring further to the sixth assignment of error of Louis Martinelli, Jr., by next friend. As heretofore stated in discussing this assignment of error we are of the opinion that the learned Chancellor should have left it optional with Louis Martinelli as to whether he would accept the watch and the two diamonds at a valuation of $2020 as part payment of his proportionate share in the estate as decreed by the Chancellor. The decree of the Chancellor will be modified to that extent so that the decree of the Chancellor when so modified will be for the full amount as decreed by the Chancellor as to both complainants, Lucille Martinelli Flanigan and Louis Martinelli, Jr., with interest at the rate of six per cent. Judgment will be entered here against the defendants in favor of Lucille Martinelli Flanigan for the amount as decreed by the Chancellor and with interest as decreed by the Chancellor at the rate of six per cent per annum until paid. The cause will be remanded to the Chancery Court of Shelby county for the payment into court of the share of Louis Martinelli for the full amount, without the option of defendant R. S. Landmon to deliver said watch and diamond as part settlement to Louis Martinelli, Jr., and the decree of the Chancellor in all other respects is affirmed as modified herein with reference to the judgment of Louis Martinelli, Jr. The cost of this appeal will be paid by the respective appellants and sureties on the bonds for writs of error.

Owen and Heiskell, JJ., concur.